IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:06CR340–HEH
)
JERALD VINCENT POSEY, )
)
Petitioner. )

# MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Petitioner, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner asserted that, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his enhanced sentence under the United States Sentencing Guidelines ("USSG") as a career offender is unconstitutional.[1] "Recently, the Supreme Court concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause. . . . *Johnson*'s vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." *United States v. Lee*, 855 F.3d 244, 246–47 (4th Cir. 2017) (citation omitted). Thus, Petitioner's claim lacks merit.

---

[1] As the Supreme Court has noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that *involves conduct that presents a serious potential risk of physical injury to another.*

*Johnson*, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* at 2556. The *Johnson* Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563.

Petitioner also filed a Motion to Amend his § 2255 Motion. (ECF No. 513.) Petitioner's amended submission attempts to raise new challenges to the determination that he was a career offender under the guidelines. Petitioner's challenge to the calculation of his sentence under the guidelines fails to state a claim cognizable for § 2255 relief. *See Lee*, 855 F.3d at 246–47; *United States v. Foote*, 784 F.3d 931, 939–43 (4th Cir. 2015) (holding that career offender designation is not a fundamental defect that results in a complete miscarriage of justice to warrant review of a sentence); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) (explaining that "barring extraordinary circumstances" error in the calculation of sentencing guidelines not cognizable in a § 2255 motion). Accordingly, the Motion to Amend (ECF No. 513) will be denied.

The Government has moved for an extension of time to file its Motion to Dismiss. (ECF No. 554.) For excusable neglect shown, *see* Fed. R. Civ. P. 6(b)(1)(B), the Motion (ECF No. 554) will be granted to the extent that the Motion to Dismiss will be deemed timely filed.

The Government's Motion to Dismiss (ECF No. 555) will be granted. The Clerk is directed to terminate the outstanding motion. (ECF No. 511.) Petitioner's § 2255 Motion (ECF No. 514) will be denied. The action will be dismissed, and the Court will deny a certificate of appealability.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: June 13, 2017
Richmond, Virginia

2